**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESSE KASKY, pro se and as next friend to S.M.,**

              **Plaintiffs,**

-vs-                                      **Case No. 6:10-cv-1115-Orl-22DAB**

**AMY MCLOUGHLIN, VIVIAN MCLOUGHLIN, KEVIN MCLOUGHLIN, BRIAN FERNANDEZ, GREGORY COLVIN,**

              **Defendants.**
_____

## ORDER

This cause comes before the Court for consideration of Plaintiff Jesse Kasky's Motion for Leave to Appeal In Forma Pauperis (Doc. No. 17) filed on December 27, 2010. Kasky has appealed the claims and parties dismissed with prejudice by the Court's Order (Doc. No. 13), entered on November 24, 2010.[1] Prior to filing his motion for leave to appeal *in forma pauperis*, Kasky, appearing *pro se*, filed a Second Amended Complaint (Doc. No. 15) on December 1, 2010, after having been granted leave to do so by the Court's order.[2] United States Magistrate Judge David A. Baker submitted a Report and Recommendation ("R & R") recommending that

---

[1] Kasky appealed to the "District Court of Appeals Fifth District"; the appropriate court of appeals is the Eleventh Circuit Court of Appeals, a federal court.

[2] After filing the second amended complaint and the motion for leave to appeal *in forma pauperis*, Kasky filed a "Final Amended Complaint" (Doc. No. 19) on December 29, 2010.

1

the motion be denied.  After an independent *de novo* review of the record in this matter, including the objections filed by Kasky (Doc. No. 21), the Court agrees entirely with the findings of fact and conclusions of law in the R & R.

An appeal may not be taken if a court certifies in writing that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3).  A court shall dismiss any *in forma pauperis* appeal that "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

The Court finds that all of Kasky's claims on appeal are frivolous.  The extent of Kasky's explanation for his appeal is as follows:

> The nature of the order [Doc. No. 13] is a final order DISMISSING WITH PREJUDICE, THE PARTIES, DON F. BRIGGS AND KENNETH GALLAGHER AND STATE TORT CLAIMS DIRECTLY RELATED TO VIOLATIONS OF PLAINTIFFS [sic] CONSTITU[T]IONAL PROTECTED LIBERTY INTEREST TO A PARENT-CHILD RELATIONSHIP, WHERE SAID CLAIMS INCLUDE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND OF WHICH INVOKE FEDERAL JURISDICTION.

(Doc. No. 16 pp. 1-2).  First, Kasky's appeal of the dismissal of his claims against Judge Don F. Briggs is frivolous.  Those claims had already been dismissed with prejudice and Judge Briggs terminated as a party pursuant to the order (Doc. No. 6) entered on October 6, 2010.  As the Court explained when dismissing Judge Briggs as a party, he is "immune from suit in performing his judicial responsibilities."  (Doc. No. 6 p. 5) (quoting *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991)).  Further, Kasky's appeal of his claims against Kenneth Gallagher is frivolous.  Kasky added Gallagher as a party despite the Court's instruction not to add new claims or

2

re-allege the state claims in the amended complaint.  (*See* Doc. No. 6 p. 9.)   Moreover, Kasky's claims against Gallagher appear to lack arguable merit in law or fact.   Finally, the appeal of the Court's dismissal of the state tort claims is frivolous.   The Court declined to exercise supplemental jurisdiction over such claims; it has discretion to do so pursuant to 28 U.S.C. § 1367(c).

In any event, the Court agrees with Magistrate Judge Baker that the Order appealed from is not final and thus not appealable.   Only a final order is appealable, which is "one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment."   *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009) (citations and quotation marks omitted).   The Court's Order entered on November 24, 2010, was not a final order because it did not end the litigation on the merits.   Also, though the Courts of Appeals have jurisdiction over certain interlocutory orders, such a situation does not exist here.   Thus, the Court determines that Kasky's appeal is not in good faith, and his motion to appeal *in forma pauperis* will be denied.

Based on the foregoing, it is ORDERED as follows:

1. The Report and Recommendation filed on January 3, 2011 (Doc. No. 20), is ADOPTED and CONFIRMED and made a part of this Order.

2. Plaintiff Jesse Kasky's Motion for Leave to Appeal In Forma Pauperis (Doc. No. 17) filed on December 27, 2010, is DENIED.

3. Plaintiff Jesse Kasky's Second Amended Complaint (Doc. No. 15), filed on December 1, 2010, is STRICKEN.

4. Plaintiff Jesse Kasky's Motion to Clarify Order Dismissing Case (Doc. No. 14), filed on December 1, 2010, is DENIED.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on January 19, 2011.

*Anne C. Conway*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party

4