# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JESSE KASKY, pro se and as next friend to S.M.,**

          **Plaintiffs,**

**-vs-**                                       Case No. 6:10-cv-1115-Orl-22DAB

**AMY MCLOUGHLIN, VIVIAN MCLOUGHLIN, KEVIN MCLOUGHLIN, BRIAN FERNANDEZ, GREGORY COLVIN,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL (Doc. No. 38)**
>
> **FILED:**      **October 17, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    Plaintiff is appealing Chief Judge Conway's order denying his original motion to Proceed *In Forma Pauperis* (Doc. 2), dismissing his Final Amended Complaint (Doc. 19) without leave to amend, and denying his Motion to Transfer Venue. *See* Docs. 33, 35, 37. He seeks to proceed on the appeal in forma pauperis. An appeal may not be taken *in forma pauperis* if the trial court certifies in

writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

In three lengthy analyses, Judge Conway determined that Plaintiff's claims (Docs. 6, 13, 33) failed to state a claim for relief within the limited jurisdiction of the federal courts. Specifically, Judge Conway held that although Plaintiff labeled his claims as constitutional violations, they were actually allegations of violations of the child custody arrangement, and any relief he sought would be through the ongoing state court custody proceedings in Pennsylvania. *See* Doc. 33.

As far as can be discerned from Plaintiff's filing, to the extent he is "appealing" the merits of Judge Conway's rulings, he asserts that

> Plaintiff through his pleadings sufficiently proved beyond a reasonable doubt that Judge Don Briggs did not have Legal Jurisdiction over the parties, at the time he acted without Jurisdiction and failed to abide by 28 U.S.C. § 1738(A), or the Parental Kidnapping Prevention Act, and refused to enforce a valid custody decree from Pennsylvania, violating numerous provisions of the UCCJEA, including but not limited to Priority, Communication between Courts, Recognition and Enforcement, and Plaintiff's Civil liberties, also depriving Judge Briggs of Judicial Immunity.

Doc. 37 ¶ 9 (capitalization in original). Plaintiff asserts that he has been prejudiced by dismissal of his claims against state court Judge Don F. Briggs on the basis of judicial immunity. Doc. 37[1]. Judge Conway's previous Order (Doc. 6) held:

> Plaintiff's constitutional claims primarily concern Judge Briggs, but a "judge is absolutely immune from suit in performing his judicial responsibilities." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (citing *Dennis v. Sparks*, 49 U.S. 24, 27-29 (1980)). Such immunity protects judges from liability for damages unless the judge acts in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349,

---

[1] To the extent that Plaintiff asserts "judicial misconduct" against *Judge Conway* based on her rulings (Doc. 37 ¶¶ 6-7), Judge Conway addressed in her Order (Doc. 36 ¶ 3), the procedural requirements for Plaintiff to assert such a claim separate from the Notice of Appeal.

> 356-57 (1978). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump*, 435 U.S. at 356). Kasky alleges that Judge Briggs violated his rights by "intentionally [relying] on a falsely represented crucial material mitigating fact as true, without requirement any evidentiary support, to allow a valid defense for [Amy McLoughlin's] heinous efforts, to ignore the Full Faith and Credit Clause of the U.S. Constitution, and to violate Plaintiffs [sic] Due Process right to a fair hearing." (Doc. No. 1 ¶ 113.) Judge Briggs' decision-making process is the very type of activity for which judicial immunity was created. Therefore, all claims for damages against Judge Briggs will be dismissed with prejudice on account of judicial immunity.

Doc. 6 at 5-6. When Plaintiff attempted to assert claims against Judge Briggs in his Amended Complaint, those claims were again dismissed, as Judge Briggs was no longer a party. Doc. 13.

Accordingly, Plaintiff's "appeal" filing is not taken in good faith and his application to proceed *in forma pauperis* should be **DENIED**. *See* 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 19, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy